# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In Re:                            Case No. 26-46566-mlo
SHIV POOJA, INC.,             Chapter 11
d/b/a DAYS INN BY WYNDHAM    Subchapter V
WHITMORE LAKE, MI,        Hon. Maria Oxholm
     Debtor.

## FIRST DAY MOTION COVER SHEET FOR MOTION FOR USE OF CASH COLLATERAL, REGARDING ADEQUATE PROTECTION AND RELATED RELIEF

The Debtor has filed the above-captioned motion, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the Debtor has identified below, by paragraph reference, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | ___ Yes _x_ No | None; Proposed Interim Order ¶¶ 5, 10(c) expressly exclude Chapter 5 claims and proceeds. |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor other than liens granted solely as adequate protection against diminution in | ___ Yes _x_ No | None; replacement liens are limited to same type, same extent, and same priority. Proposed Interim Order ¶ 5. |

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| value of a prepetition creditor's collateral. | | |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | ___ Yes _x_ No | None; the Proposed Interim Order contains no stay-relief procedure or conditions, and any relief from stay requires further order of the Court. |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | ___ Yes _x_ No | None; all challenges and claims are reserved. Proposed Interim Order ¶¶ 5, 10. |
| (5) Provisions that prime any lien without that lienholder's consent. | ___ Yes _x_ No | None. |
| (6) Provisions that relate to a sale of substantially all of the Debtor's assets. | ___ Yes _x_ No | None. |
| (7) Provisions for the payment of professional fees of the | _x_ Yes ___ No | Escrowed and not paid; Professional fee and Subchapter V Trustee |

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| Debtor or any committees, including any carve-outs for such payments. | | fee reserves subject to allowance and Court approval. Proposed Interim Order ¶ 4(b) |
| (8) Provisions for the payment of prepetition debt. | _x_ Yes ___ No | Limited to monthly adequate protection payments to Bancorp ($10,000.00) and the SBA ($731.00); otherwise none. Proposed Interim Order ¶¶ 4(a), 5(a), 10(f) |
| (9) Provisions that waive the Debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | ___ Yes _x_ No | None. |
| (10) Provisions that require the Debtor's plan to be on terms acceptable to the secured creditor. | ___ Yes _x_ No | None. |
| (11) Provisions that require or prohibit specific terms in the Debtor's plan. | ___ Yes _x_ No | None. |

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | ___ Yes _x_ No | None. |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | ___ Yes _x_ No | None; Proposed Interim Order ¶¶ 5, 10(d) expressly preserve § 506(c). |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | ___ Yes _x_ No | None. |
| (15) Provisions that prohibit the Debtor from seeking approval to use cash collateral without the secured creditor's consent. | ___ Yes _x_ No | None. |
| (16) Provisions that purport to bind a subsequent trustee. | ___ Yes _x_ No | None |
| (17) Provisions that obligate the Debtor to pay any secured | ___ Yes _x_ No | None. |

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| creditor's professional fees. | | |

Respectfully submitted,

___/s/ Robert Bassel_____

ROBERT N. BASSEL (P48420)

Attorney for Debtor

P.O. Box T

Clinton, MI 49236

(248) 677-1234

bbassel@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:                                          Case No. 26-46566-mlo
SHIV POOJA, INC.,                               Chapter 11
d/b/a DAYS INN BY WYNDHAM                        Subchapter V
WHITMORE LAKE, MI,                              Hon. Maria Oxholm
     Debtor.

**DEBTOR'S FIRST DAY MOTION FOR USE OF CASH COLLATERAL, REGARDING ADEQUATE PROTECTION AND RELATED RELIEF**

     Shiv Pooja, Inc., d/b/a Days Inn by Wyndham Whitmore Lake, MI (the "Debtor"), by its undersigned counsel, moves this Court for entry of an interim and final order authorizing the Debtor to use alleged cash collateral, providing adequate protection, and granting related relief. In support of this Motion, the Debtor states as follows:

## General Averments and Relief Requested

1. The Debtor is a debtor in possession in a case under Chapter 11, Subchapter V of the Bankruptcy Code.

2. The Debtor seeks authority under 11 U.S.C. §§ 105, 361, 362, 363, 1107, 1108, 1183, and 1184, Fed. R. Bankr. P. 4001(b), and L.B.R. 4001-2 (E.D. Mich.) to use alleged cash collateral in the ordinary course of business in accordance with the 13-week cash collateral budget attached as Exhibit A (the "Budget").

3. The Debtor requests interim authority, pending a final hearing, to use alleged cash collateral in an amount necessary to avoid immediate and irreparable harm to the estate. For purposes of interim relief, the Debtor requests authority to use alleged cash collateral in accordance with the Budget in aggregate cash disbursements of no more than $31,000.00 per budget week, with allowance for a fifteen percent (15%) variance per line item, through the conclusion of a final hearing. For the full 13-week period, the Budget reflects total projected cash disbursements of $227,413.00, which includes proposed monthly adequate protection payments to The Bancorp Bank, N.A. and the U.S. Small Business Administration totaling $32,193.00 and excludes any other payment on prepetition secured debt.

4. This Motion is filed without prejudice to the Debtor's right to challenge the amount, validity, priority, extent, perfection, or enforceability of any asserted claim, lien, security interest, assignment, setoff right, or other interest in property of the estate. The Debtor requests interim relief without making any admission that any creditor has a valid, perfected, enforceable, unavoidable, or non-avoidable lien on any asset or proceeds.

5. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district.

## <u>Description of the Debtor and Property</u>

6. The Debtor owns and operates the Days Inn by Wyndham hotel located at 9897 Main Street, Whitmore Lake, Michigan 48189 (the "Hotel" or the "Property"). The Hotel is a 59-room, two-story, limited-service hotel strategically positioned along U.S. Route 23 with visibility and access to economic drivers across Washtenaw and Livingston Counties.

7. The Property includes hotel real estate, improvements, furniture, fixtures, equipment, inventory, accounts, deposit accounts, receivables, and related operating assets. The Hotel amenities include an indoor pool, breakfast area/continental breakfast operation, guest laundry, meeting room, and surface parking.

8. The Colliers appraisal prepared for The Bancorp Bank and the U.S. Small Business Administration, dated November 26, 2025, with a valuation date of November 12, 2025, states an as-is going-concern market value of $3,440,000. The appraisal allocates $3,170,000 to real property and $270,000 to furniture, fixtures, and equipment. The appraisal also notes that the Property is in the process of completing a

$300,000 property improvement plan with approximately $30,000 remaining.

9. The Debtor's business depends on uninterrupted operation of the Hotel. If the Debtor is not authorized to use alleged cash collateral, the Debtor will be unable to pay ordinary-course operating expenses necessary to preserve the Property, maintain the franchise and guest services, pay wages and payroll taxes, pay utilities, maintain insurance, purchase goods and supplies, and preserve going-concern value.

The Debtor currently estimates the principal assets and key historical financial data as follows, subject to amendment and full reservation of rights:

| Asset | Estimated Value | Source/Note |
|---|---|---|
| Hotel real property and improvements | $3,170,000 | Colliers appraisal allocation; subject to rights reserved |
| Furniture, fixtures, and equipment | $270,000 | Colliers appraisal allocation; subject to rights reserved |
| Going-concern value | $3,440,000 | Colliers appraisal final value conclusion |
| Cash and monies in accounts at Budget commencement | $18,000 | Budget assumption |

## Secured Claimants and Alleged Cash Collateral

10. The Debtor anticipates that The Bancorp Bank, N.A. (identified in the UCC search and appraisal as The Bancorp Bank, and referred to herein as "Bancorp") will assert a secured claim. A Bancorp payment notice/statement appearing to relate to loan number 4694000692 and SBA number 2487577001 states a principal balance of $2,738,367.92 as of April 20, 2026, an 8.00000% interest rate, a payment amount/past-due payment of $18,005.70, unpaid late charges of $2,700.87, and a stated total due of $38,712.27. The Debtor has not completed a full claims, borrower-name, loan-document, fee, arrearage, or lien analysis and reserves all rights.

11. A Michigan Secretary of State UCC search certified as of May 28, 2026 identifies an unlapsed UCC financing statement for The Bancorp Bank, filing number 20180509000816-2, filed May 9, 2018, continued by UCC-3 filed February 15, 2023, with a listed lapse date of May 9, 2028. The UCC filing identifies Shiv Pooja, Inc. and Best Western of Whitmore Lake as debtors and broadly describes collateral including rights to payment, inventory, equipment, contracts and general intangibles, property left with the secured party, and proceeds.

12. The UCC search also identifies an unlapsed UCC financing statement for the U.S. Small Business Administration ("SBA"), filing number 20200602001245-8, filed June 2, 2020, continued May 27, 2025, with a listed lapse date of June 2, 2030. The SBA collateral description broadly covers tangible and intangible personal property, including inventory, equipment, instruments, chattel paper, documents, letter-of-credit rights, accounts, deposit accounts, commercial tort claims, general intangibles, proceeds, collections, records, and data. The amount asserted by SBA is approximately $138,000.

13. For purposes of interim relief only, the Debtor treats Hotel receipts, cash, deposit accounts, accounts, credit-card receivables, room revenue, proceeds, and related revenue streams as alleged cash collateral under 11 U.S.C. § 363(a), subject to all reservations of rights. The Debtor cannot maintain operations without using those funds.

| Asserted Creditor | Asserted Collateral / Basis | Approx. Amount | Debtor Position |
|---|---|---|---|
| The Bancorp Bank, N.A. / The Bancorp Bank | Real property and related personal property; UCC filing no. 20180509000816 | $2,738,367.92 principal balance as of 4/20/2026; payment notice | No admission; all rights reserved as to borrower, claim amount, arrearage, |

| | -2; appraisal/loan file no. 4694000692; payment notice references SBA no. 2487577001. | states total due of $38,712.27 | charges, validity, priority, extent, and perfection. |
| --- | --- | --- | --- |
| U.S. Small Business Administration | Broad personal property collateral; UCC filing no. 20200602001245 -8. | $138,000 | No admission; all rights reserved. |

### Use of Cash Collateral

14. The Debtor's anticipated revenues and expenses are set forth in the Budget attached as Exhibit A. The Budget covers June 8, 2026 through September 7, 2026. The Budget does not authorize payment of prepetition debt, other than the proposed adequate protection payments, absent a separate Court order.

15. The Budget projects total revenue of $248,000.00; total operating expenses and cash outflows of $227,413.00 (including proposed adequate protection payments of $30,000.00 to Bancorp and $2,193.00 to the SBA, and reserves for professional fees, Subchapter V Trustee fees, property taxes, and winter operations); net cash flow of $20,587.00; beginning cash of $18,000.00; and ending cash of $38,587.00.

16. The proposed use of cash collateral is limited to ordinary-course operating expenses necessary to preserve the Hotel, maintain guest services, comply with postpetition obligations, protect collateral value, and avoid immediate and irreparable harm. The requested authority includes payment of ordinary-course postpetition costs for payroll and payroll taxes, utilities, insurance, franchise fees and franchise property improvement plan requirements, maintenance and supplies, property tax and winter operating reserves, Subchapter V Trustee fees, a reserve for Debtor's counsel subject to applicable fee-approval procedures, and the proposed adequate protection payments described below.

17. The Debtor requests authority to operate within the Budget, with a fifteen percent (15%) variance per line item and an aggregate weekly disbursement cap of $31,000.00, provided that no payment of prepetition debt (other than the proposed adequate protection payments described below) and no payment of professional fees outside applicable Bankruptcy Code, Bankruptcy Rule, Local Rule, and Court approval procedures is authorized by the proposed order.

<strong><u>Adequate Protection</u></strong>

18. As adequate protection for any creditor determined to have a valid, perfected, enforceable, and unavoidable interest in cash collateral, the

Debtor proposes to grant replacement liens on postpetition assets and proceeds of the same type, to the same extent, and with the same validity, priority, and enforceability as existed prepetition, solely to the extent of any diminution in value resulting from the Debtor's use of such creditor's cash collateral.

19. As additional adequate protection, and as reflected in the Budget, the Debtor proposes to make monthly adequate protection payments of $10,000.00 per month to Bancorp, commencing in June 2026, and $731.00 per month to the SBA, commencing in June 2026, continuing through the conclusion of the final hearing or until further order of the Court. The proposed payments shall be applied in accordance with the applicable prepetition loan documents, subject to the rights of all parties in interest to seek reallocation or recharacterization, and shall not constitute an admission as to the validity, extent, priority, or perfection of any lien or claim.

20. The proposed replacement liens do not attach to claims and causes of action under Chapter 5 of the Bankruptcy Code or their proceeds, do not prime any lien, do not cross-collateralize prepetition debt with collateral in which the creditor did not hold a prepetition interest, do not validate prepetition liens, and do not waive the Debtor's or any estate

representative's rights under 11 U.S.C. §§ 506(c), 542, 544, 545, 547, 548, 549, 550, 551, or 552(b).

21. Bancorp is also adequately protected by an apparent equity cushion based on the Colliers appraisal and the currently available loan information. Using the $3,440,000 as-is going-concern value and the $2,738,367.92 principal balance reflected on the Bancorp payment notice, the apparent value cushion before consideration of junior liens, sale costs, arrearages, fees, advances, or other adjustments is approximately $701,632.08. The Debtor is not admitting value, collateral coverage, lien validity, arrearage amounts, fees, charges, or claim amount, but the appraisal supports interim relief.

22. The Debtor will maintain insurance on the Property, pay ordinary-course postpetition obligations necessary to preserve the Hotel, maintain books and records, segregate and account for cash receipts and disbursements, and provide reporting to Bancorp, SBA, the Subchapter V Trustee, and the U.S. Trustee during the interim period unless otherwise ordered.

23. A cessation of operations would likely destroy going-concern value, impair guest relationships, jeopardize the franchise, damage vendor and employee relationships, and reduce value available for secured creditors

and the estate. The requested use of alleged cash collateral is therefore necessary, reasonable, and in the best interests of the estate and creditors.

### Service, Notice, and Final Hearing

24. The Debtor will serve this Motion, the proposed interim order, and notice of hearing on all entities required by Fed. R. Bankr. P. 4001(b), 9014, 7004, and applicable Local Rules, including all parties asserting an interest in alleged cash collateral, the U.S. Trustee, the Subchapter V Trustee, all secured creditors, the creditors included on any Rule 1007(d) list if no committee is appointed, and the Debtor's creditor matrix.

25. Because SBA may assert a lien or security interest, the Debtor will also serve the United States in the manner required by Fed. R. Bankr. P. 7004(b)(4) and (5), including service on the United States Attorney, the Attorney General of the United States, and the SBA, in addition to the address identified in the UCC search.

WHEREFORE, the Debtor respectfully requests that this Court enter an interim order authorizing the Debtor to use alleged cash collateral in accordance with the Budget and proposed adequate protection, schedule a final hearing, and grant such other relief as is just and equitable.

Respectfully submitted,

___/s/ Robert Bassel_____
ROBERT N. BASSEL (P48420)
Attorney for Debtor
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Case No. 26-46566-mlo |
| SHIV POOJA, INC., | Chapter 11 |
| d/b/a DAYS INN BY WYNDHAM | Subchapter V |
| WHITMORE LAKE, MI, | Hon. Maria Oxholm |
| Debtor. | |

## VERIFIED DECLARATION OF KALPANA PATEL IN SUPPORT OF FIRST DAY MOTION FOR USE OF CASH COLLATERAL, REGARDING ADEQUATE PROTECTION AND RELATED RELIEF

KALPANA PATEL states, under penalty of perjury:

1. I am a principal of Debtor Shiv Pooja, Inc., owner-operator of the Days Inn by Wyndham franchise hotel located at 9897 Main Street, Whitmore Lake, Michigan. I have been actively involved in the day-to-day management and operation of the hotel property.

2. To the best of my knowledge, information, and belief, the factual averments in the Motion are true and correct.

3. The Hotel is a 59-room, two-story, limited-service hotel located along U.S. Route 23. It includes an indoor pool, breakfast area, guest laundry, and surface parking. Continued operation is necessary to preserve the Hotel's value as a going concern.

4. The Debtor has reviewed the 13-week budget attached as Exhibit A to the Motion. I believe the projections are realistic and the expenses necessary to prevent immediate and irreparable harm to the estate, preserve the Hotel, maintain guest services, preserve jobs, and maximize going-concern value for the benefit of all constituencies.

5. The Budget begins with projected cash of $18,000.00 and projects ending cash of $38,587.00. The Budget includes proposed monthly adequate protection payments to Bancorp ($10,000.00 per month) and the SBA ($731.00 per month) and includes no other payment on prepetition secured debt absent separate Court order.

6. The Budget includes ordinary-course operational costs, including wages and payroll taxes, insurance, utilities, franchise fees and franchise property improvement plan requirements, repairs and maintenance, property tax and winter operating reserves, and other expenses necessary for continued operation. The Budget includes a reserve for Debtor's counsel, but I understand that payment of professional compensation remains subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Court approval procedures.

7. The Debtor understands that The Bancorp Bank, N.A. may assert a secured claim. A recent payment notice/statement appearing to relate to loan number 4694000692 and SBA number 2487577001 states a principal balance of $2,738,367.92 as of April 20, 2026, an 8.00000% interest rate, a payment amount/past-due payment of $18,005.70, unpaid late charges of $2,700.87, and a stated total due of $38,712.27. The Debtor has also identified an SBA UCC filing; the amount asserted by SBA is approximately $138,000. The Debtor reserves all rights with respect to all claims, liens, borrower-name issues, arrearage amounts, fees, charges, and adequate-protection issues.

8. The Colliers appraisal dated November 26, 2025, with valuation date of November 12, 2025, states an as-is going-concern market value of $3,440,000, allocated $3,170,000 to real property and $270,000 to furniture, fixtures, and equipment, and states an insurable replacement cost of $5,000,000. Continued operations are necessary to preserve the value reflected in the appraisal and to maximize the estate's reorganization prospects.

9. Without authority to use alleged cash collateral, the Debtor will not be able to meet ordinary-course operating expenses, which would jeopardize the Hotel, harm guests and employees, impair the franchise and vendor relationships, and likely reduce value available to creditors.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct. Executed on June 12, 2026.

**VERIFIED UNDER PENALTY OF PERJURY**

 /s/ KALPANA PATEL_____

KALPANA PATEL, Principal of Shiv Pooja, Inc.

Prepared by:

Respectfully submitted,

___/s/ Robert Bassel_____

ROBERT N. BASSEL (P48420)

Prospective Attorney for Debtor

P.O. Box T

Clinton, MI 49236

(248) 677-1234

bbassel@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: | Case No. 26-46566-mlo |
| SHIV POOJA, INC., | Chapter 11 |
| d/b/a DAYS INN BY WYNDHAM | Subchapter V |
| WHITMORE LAKE, MI, | Hon. Maria Oxholm |
| Debtor. | |

## INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL IN A SPECIFIED AMOUNT, AND PROVIDING ADEQUATE PROTECTION, AND SCHEDULING A FINAL HEARING ON DEBTOR'S FIRST DAY MOTION FOR USE OF CASH COLLATERAL

This matter came before the Court upon the Debtor's First Day Motion for Use of Cash Collateral, Regarding Adequate Protection and Related Relief ("Motion"; ECF No. ___). Pursuant to the Court's ORDER SETTING HEARING ON DEBTOR'S FIRST DAY MOTION FOR USE OF CASH COLLATERAL (ECF No. ___) scheduling a hearing on the Motion, a hearing on the Motion was held on _____, 2026 ("Hearing"). Appearances were placed on the record. The Court has reviewed the Motion, the Verified Declaration of Kalpana Patel ("Declaration"; ECF No. ___), the 13-week cash collateral budget attached to the Motion as Exhibit A, as amended (if applicable), and other pertinent pleadings, and has considered the statements made at the Hearing. Based thereon, the Court finds that the Debtor's interim use of cash collateral to the extent set forth in this Order is necessary to avoid immediate and irreparable harm to the Debtor and its creditors pending a final hearing on the Motion.

**NOW THEREFORE, IT IS HEREBY ORDERED that:**

1. Motion Granted. The Motion is granted on the terms set forth in this Order.

2. Capitalized Terms. All capitalized terms not defined in this Order shall have the meaning ascribed to them in the Motion.

3. Authorization. The Debtor is authorized to use cash collateral and to grant adequate protection in accordance with the terms of this Order.

4. Use of Cash Collateral. The Debtor is authorized to use cash collateral in accordance with the line items listed on the 13-Week Budget attached to the Motion as Exhibit A ("Budget"), in aggregate cash disbursements of no more than $31,000 per budget week (including all operating expenses and the adequate protection payments set forth in the Budget), for the period commencing on the Petition Date only as to postpetition use of cash collateral through and including the date of the Final Hearing set forth in paragraph 9 of this Order, with allowance for a fifteen percent (15%) variance per line item. The Debtor's authorized use of cash collateral is limited to such budget line items, as adjusted for the permitted variance, prior to the entry of a final order authorizing the Debtor to use cash collateral; provided, however, that the permitted variance does not authorize aggregate weekly cash disbursements exceeding $31,000 absent further order of the Court or written consent of the affected secured creditor(s). For purposes of clarification, if the Debtor is allowed the use of cash collateral during week 2, it may use the amounts specified for weeks 1 and 2 during the week when authorization is granted. For purposes of further clarification, if Debtor has not fully utilized the budgeted amounts authorized in the prior weeks, it may use the remaining budgeted amounts in the current week.

4(a). No Prepetition Debt Payments. Except for the adequate protection payments expressly authorized by paragraph 5(a) of this Order, nothing in this Order authorizes the payment of any prepetition debt, prepetition arrearage, or other prepetition obligation, including any prepetition arrearages owed to equipment lessors, secured creditors, or other creditors, absent further order of the Court. Any budgeted lease, equipment, franchise, or similar payments are authorized only to the extent they are postpetition obligations or postpetition use payments necessary to preserve the estate and continue operations.

4(b). Professional Fee and Trustee Fee Reserves. The Debtor's Counsel Fees and Subchapter V Trustee Fees line items in the Budget are reserve line items only. No payment to Debtor's counsel or any other retained

professional may be made from such reserves except after allowance under 11 U.S.C. §§ 330 and/or 331, the Federal Rules of Bankruptcy Procedure, the Local Rules, or further order of the Court. This Order does not approve compensation to any professional.

5. Adequate Protection — Replacement Liens. To the extent that the Debtor uses cash collateral and does not replace it, and only to the extent of any diminution in the value of such cash collateral, any purported secured claimant asserting a properly perfected prepetition lien in cash collateral whose interest in cash collateral has not been avoided, is granted a replacement lien in the same types and descriptions of collateral that were secured by the applicable prepetition loan documents and that are created, acquired, or arise after the Petition Date. The replacement liens are granted only to the same extent and with the same priority as the applicable prepetition liens existed on the Petition Date and only to the extent of any actual diminution in value resulting from the Debtor's use of cash collateral. Any replacement lien shall not attach to claims or causes of action under Chapter 5 of the Bankruptcy Code, or proceeds thereof, unless otherwise ordered by the Court. The replacement liens do not prime, enlarge, or cross-collateralize any prepetition lien or debt and do not secure any prepetition debt with collateral that was not subject to that creditor's prepetition lien. Nothing herein constitutes an admission as to the validity, extent, priority, or perfection of any prepetition security interest. All rights of the Debtor, the estate, the Subchapter V Trustee, and all parties in interest are fully reserved, including rights to object to or challenge any lien or claim, seek surcharge under 11 U.S.C. § 506(c), assert avoidance actions, or assert any other estate claims or defenses. This protection being afforded to such purported secured claimants is adequate.

5(a). Adequate Protection Payments. As additional adequate protection, the Debtor is authorized and directed to make the following monthly adequate protection payments, as reflected in the Budget, continuing on a monthly basis through the conclusion of the Final Hearing or until further order of the Court: (a) to The Bancorp Bank, N.A., the sum of

$10,000.00 per month, commencing in June 2026; and (b) to the United States Small Business Administration, the sum of $731.00 per month, commencing in June 2026. The adequate protection payments shall be applied in accordance with the applicable prepetition loan documents, subject to the rights of all parties in interest to seek reallocation or recharacterization of such payments. The making of adequate protection payments under this paragraph shall not constitute an admission as to the validity, extent, priority, or perfection of any lien or claim, and all rights reserved under paragraph 5 of this Order apply equally to this paragraph.

6. Reporting. The Debtor shall provide weekly reports to the Subchapter V Trustee, the United States Trustee, and to the purported secured claimants asserting interests in cash collateral, evidencing the Debtor's compliance with the Budget. The reports shall include: (a) actual receipts and disbursements for the reporting week, by line item, compared to budgeted amounts; (b) beginning and ending cash balances for the reporting week; (c) the variance from the Budget; (d) a written explanation of any line-item variance exceeding the permitted fifteen percent (15%); and (e) any adequate protection payments made under paragraph 5(a) during the reporting week. The reports shall be due five business days after the end of the particular week in which the use of cash collateral was granted.

7. Service. Within twenty-four (24) hours following the entry of this Order, Debtor's counsel must serve a copy of the Motion (with all attachments) and a copy of this Order on the 20 largest unsecured creditors, all secured creditors, all entities listed on the Debtor's creditor matrix, any committee formed in this case, the Subchapter V Trustee, the United States Trustee's Office, and all other parties who are required to be served under Fed. R. Bankr. P. 4001(b) and LBR 4001-2.

8. Objections. All parties seeking to object to the final relief requested in the Motion or to continued use of cash collateral must file a written objection within fourteen (14) days after the entry of this Order, except that an official committee may file objections within fourteen (14) days after the official committee is served with this Order. Any timely

objection shall be heard at the Final Hearing unless otherwise ordered by the Court. If no objections are made to this order becoming a final order, Debtor may use its funds, including cash collateral, in the ordinary course of business pursuant to the Budget until further Order of the Court.

9. Final Hearing. The final hearing on the Motion, and the hearing on any objections to this Order, will be held before the Honorable Maria L. Oxholm, 211 W. Fort Street, Courtroom 1875, Detroit, Michigan, on _____, 2026 at ___:___ _.m. The Debtor may continue to use cash collateral under this Order through the conclusion of the Final Hearing or until further order of the Court, provided the Debtor remains in compliance with this Order.

10. No Other Relief Granted; No Plan Restrictions. Except as expressly provided herein, nothing in this Order: (a) determines the amount, validity, extent, priority, perfection, or enforceability of any claim or lien; (b) releases any claim or cause of action of the Debtor or the estate; (c) grants a lien on Chapter 5 claims or their proceeds; (d) waives rights under 11 U.S.C. § 506(c); (e) grants priming liens or cross-collateralization; (f) authorizes payment of prepetition debt, except the adequate protection payments expressly authorized by paragraph 5(a); or (g) requires the Debtor to propose any particular plan term or prohibits the Debtor from proposing any plan term.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In Re: | Case No. 26-46566-mlo |
| SHIV POOJA, INC., | Chapter 11 |
| d/b/a DAYS INN BY WYNDHAM | Subchapter V |
| WHITMORE LAKE, MI, | Hon. Maria Oxholm |
| Debtor. | |

**ORDER SETTING HEARING ON DEBTOR'S FIRST DAY MOTION**
**FOR USE OF CASH COLLATERAL**

Upon the filing of the above-captioned Motion,

IT IS HEREBY ORDERED THAT a hearing on the Motion shall be held on _____, 2026 at ____ __.m., in the Courtroom of the Honorable Maria Oxholm, Room 1875, United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan 48226.

IT IS FURTHER ORDERED THAT Debtor shall serve a copy of this Order, the Motion, and related attachments upon the parties identified in the proof of service and upon all parties required by the Bankruptcy Rules and Local Rules within 24 hours of entry of this Order, by ECF where applicable and by email, overnight mail, first-class mail, or other method reasonably calculated to provide prompt notice.

**Shiv Pooja 13 Week Cash Collateral Budget**

| Line Item<br>Date Range | Week 1<br>Jun 8 - Jun 15 | Week 2<br>Jun 16 - Jun | Week 3<br>Jun 23- Jun 29 | Week 4<br>Jun 30 - Jul 6 | Week 5<br>Jul 7 - Jul 13 | Week 6<br>Jul 14 - Jul 20 | Week 7<br>Jul 21 - Jul 27 | Week 8<br>Jul 28 - Aug 3 |
|---|---|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | | | |
| **Projected Revenue** | $15,000 | $15,500 | $16,000 | $16,500 | $17,000 | $18,000 | $25,000 | $18,000 |
| **Total Revenue** | $15,000 | $15,500 | $16,000 | $16,500 | $17,000 | $18,000 | $25,000 | $18,000 |
| | | | | | | | | |
| **OPERATING EXPENSES** | | | | | | | | |
| **Payroll** | $3,500 | $3,500 | $3,500 | $4,000 | $3,500 | $3,500 | $3,500 | $3,500 |
| **Utilities** | $1,800 | $1,800 | $1,890 | $1,980 | $2,160 | $2,070 | $2,250 | $2,250 |
| **Insurance** | $500 | $500 | $525 | $550 | $600 | $575 | $625 | $625 |
| **Franchise Fees** | $2,325 | $2,430 | $2,550 | $2,700 | $2,925 | $2,850 | $3,075 | $3,150 |
| **Bancorp Adequate** | $10,000 | | | | $10,000 | | | |
| **Maintenance** | $500 | $500 | $500 | $500 | $500 | $500 | $500 | $500 |
| **Franchise PIP requirements** | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| **Property Tax Reserve** | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| **Winter Operating Reserve** | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 |
| **EIDL Payments** | 731 | | | | 731 | | | |
| **Subchapter V Trustee Fees** | $1,000 | $0 | $0 | $0 | $1,000 | $0 | $0 | $0 |
| **Debtor's Counsel Fees** | $2,000 | $0 | $0 | $0 | $2,000 | $0 | $0 | $0 |
| **Total Operating Expenses** | **$26,856** | **$13,230** | **$13,465** | **$14,230** | **$27,916** | **$13,995** | **$14,450** | **$14,525** |
| **Total Cash Outflows** | **$26,856** | **$13,230** | **$13,465** | **$14,230** | **$27,916** | **$13,995** | **$14,450** | **$14,525** |
| **Net Weekly Cash Flow** | **($11,856)** | **$2,270** | **$2,535** | **$2,270** | **($10,916)** | **$4,005** | **$10,550** | **$3,475** |
| **Beginning Cash** | **$18,000** | **$6,144** | **$8,414** | **$10,949** | **$13,219** | **$2,303** | **$6,308** | **$16,858** |
| **Ending Cash** | **$6,144** | **$8,414** | **$10,949** | **$13,219** | **$2,303** | **$6,308** | **$16,858** | **$20,333** |

**Shiv Pooja 13 Week Cash Collateral Budget**

| Line Item<br>Date Range | Week 9<br>Aug 4- Aug 10 | Week 10<br>Aug 11 - Aug | Week 11<br>Aug 18 - Aug | Week 12<br>Aug 25 - Aug | Week 13<br>Sep 1 - Sep 7 | Total / Ending<br>13 Weeks |
|---|---|---|---|---|---|---|
| **REVENUE** | | | | | | |
| **Projected Revenue** | $18,500 | $20,000 | $22,000 | $23,000 | $23,500 | $248,000 |
| **Total Revenue** | $18,500 | $20,000 | $22,000 | $23,000 | $23,500 | $248,000 |
| | | | | | | |
| **OPERATING EXPENSES** | | | | | | |
| **Payroll** | $3,500 | $3,500 | $3,500 | $3,500 | $3,500 | $46,000 |
| **Utilities** | $2,340 | $2,394 | $2,448 | $2,502 | $2,556 | $28,440 |
| **Insurance** | $650 | $665 | $680 | $695 | $710 | $7,900 |
| **Franchise Fees** | $3,225 | $3,300 | $3,375 | $3,450 | $3,525 | $38,880 |
| **Bancorp Adequate** | $10,000 | | | | | $30,000 |
| **Maintenance** | $500 | $500 | $500 | $500 | $500 | $6,500 |
| **Franchise PIP requirements** | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $19,500 |
| **Property Tax Reserve** | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $19,500 |
| **Winter Operating Reserve** | $1,500 | $1,500 | $1,500 | $1,500 | $1,500 | $19,500 |
| **EIDL Payments** | 731 | | | | | $2,193 |
| **Subchapter V Trustee Fees** | $1,000 | $0 | $0 | $0 | $0 | $3,000 |
| **Debtor's Counsel Fees** | $2,000 | $0 | $0 | $0 | $0 | $6,000 |
| **Total Operating Expenses** | **$28,446** | **$14,859** | **$15,003** | **$15,147** | **$15,291** | **$227,413** |
| **Total Cash Outflows** | **$28,446** | **$14,859** | **$15,003** | **$15,147** | **$15,291** | **$227,413** |
| **Net Weekly Cash Flow** | **($9,946)** | **$5,141** | **$6,997** | **$7,853** | **$8,209** | **$20,587** |
| **Beginning Cash** | **$20,333** | **$10,387** | **$15,528** | **$22,525** | **$30,378** | **$18,000** |
| **Ending Cash** | **$10,387** | **$15,528** | **$22,525** | **$30,378** | **$38,587** | **$38,587** |